[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 13-13185

_____

D.C. Docket No. LABR-0 : 12-0443 BLA

JIM WALTER RESOURCES, INC.,

Petitioner,

versus

DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS,
VIOLA L. DAVIS,
o.b.o. Johnny E. Davis, deceased,

Respondents.

_____

Petition for Review of Order of
the Benefits Review Board

_____

(September 12, 2014)

Before JORDAN and BENAVIDES,[*] Circuit Judges, and RYSKAMP,[**] District
Judge.

---

[*] Honorable Fortunato P. Benavides, Senior United States Circuit Judge for the U.S. Court of
Appeals for the Fifth Circuit, sitting by designation.

[**] Honorable Kenneth L. Ryskamp, United States District Judge for the Southern District of
Florida, sitting by designation.

BENAVIDES, Circuit Judge:

Before the court is a petition for review of an award of survivor's benefits pursuant to the Black Lung Benefits Act, 30 U.S.C. § 901 *et seq*. (2012).  Because we conclude that the benefits were correctly awarded, we deny the petition.

## BACKGROUND

This case involves a widow whose husband had been awarded lifetime benefits under the Black Lung Benefits Act, which affords compensatory payments to certain miners suffering from pneumoconiosis.  Where a miner has been awarded lifetime benefits, the surviving spouse may be entitled to those benefit payments after the miner's death.  *Id*. § 922(a)(2).  Following the loss of her husband, Viola Davis applied for these survivor's benefits in April of 1993.  Her claim was denied because she could not prove that her husband's death had been caused by pneumoconiosis.  She reapplied in 1998 and 2000, and was again denied benefits.  These decisions were final by the end of 2006.

In 2010, amendments to the Black Lung Benefits Act eliminated the causation burden imposed on many claimants.  *See* Patient Protection and Affordable Care Act ("the ACA"), Pub. L. No. 111-148, § 1556, 124 Stat. 119, 260 (2010).  Following these amendments, Davis filed a new claim for survivor's benefits on April 28, 2010, arguing that she is no longer required to demonstrate causation.  The administrative law judge agreed and granted her claim.  The

2

Review Board affirmed.  The prospective benefits payor, Jim Walter Resources, Inc. ("Petitioner"), seeks review of the decision.

## STATUTORY CONTEXT

Because this case turns on the applicability of recent amendments to the Black Lung Benefits Act, the historical context may be helpful.  The statutory scheme began with the Federal Coal Mine Health and Safety Act of 1969, Pub. L. No. 91-173, 83 Stat. 742.  One of the objectives of this legislation was "to provide benefits . . . to the surviving dependents of miners whose death was due to" pneumoconiosis.  *Id*. § 401, 83 Stat. at 792 (codified as amended at 30 U.S.C. § 901(a)).  To that end, Congress provided, "In the case of death of a miner due to pneumoconiosis or of a miner receiving benefits under this part, benefits shall be paid to his widow . . . ."  30 U.S.C. § 922(a)(2) (1970).  Congress later amended the law, renaming the relevant statutory sections the Black Lung Benefits Act.  *See* Pub. L. No. 92-303, § a, 86 Stat. 150, 150 (1972).

A surviving spouse could originally obtain benefits simply by showing that benefits were already being paid to the miner at the time of his death.  30 U.S.C. § 924(e) (1970).  Congress eventually emphasized this by explicitly stating that "[i]n no case shall the eligible survivors of a miner who was determined to be eligible to receive benefits under this title at the time of his or her death be required to file a new claim for benefits, or otherwise revalidate the claim of such miner."

3

30 U.S.C. § 932(*l*) (1976 & Supp. II 1979).  Thus, surviving spouses were automatically entitled to these "derivative" benefits, regardless of whether the survivor could prove pneumoconiosis as the cause of death.

But in 1981 Congress revisited the law, revising § 932(*l*) and imposing a new causation burden on surviving dependents.  *See* Black Lung Revenue Act of 1981, Pub. L. No. 97-119, 95 Stat. 1635.  Beginning in 1982, survivors could receive benefits only after proving that pneumoconiosis was at least a "substantially contributing cause or factor leading to the miner's death."  20 C.F.R. § 718.205(c)(2) (1984).  The rule remained in place until 2010, and it was under this standard that Davis's first three claims were denied, as she could not prove that pneumoconiosis had substantially contributed to her husband's death.

Most recently, the Black Lung Benefits Act was amended by the ACA, which eliminated the relevant causation requirement by reinstating 30 U.S.C. § 932(*l*) as it had existed before the 1981 amendments.  *See* § 1556(b), 124 Stat. at 260.  The ACA amendments "apply with respect to claims filed . . . after January 1, 2005, that [were] pending on or after the date of enactment of this Act," which was March 23, 2010.  *Id.* § 1556(c), 124 Stat. at 260.  The question raised by the present case is whether a survivor who was denied benefits under the pre-ACA statutory scheme can submit a subsequent claim for consideration under the amended version of the statute.  The administrative law judge and Benefits Review

4

Board answered this question in the affirmative.  We review this legal conclusion *de novo*.  *U.S. Steel Mining Co., LLC v. Dir., OWCP*, 719 F.3d 1275, 1280 (11th Cir. 2013).

## DISCUSSION

After reviewing the statutory language and the parties' submissions, we conclude that Davis's claim benefits from the ACA amendments.  We find unpersuasive Petitioner's argument that a claim must have been pending on March 23, 2010, for the amendments to apply.  That argument is belied by the text of the statute itself, which indicates that the section affects claims "that are pending on *or after* the date of enactment of this Act," which was March 23, 2010.  *See* § 1556(c), 124 Stat. at 260 (emphasis added).  Because it was filed in April of 2010, Davis's claim was indeed pending "on or after" the date of enactment.  The post-ACA version of the statute therefore applies to her claim.

Petitioner objects to such an interpretation, noting that this construction necessarily implies that *all* subsequent claims filed by previously denied survivors will benefit from the amendments.  Petitioner is correct, but we find no indication that Congress intended otherwise.  *See Lamie v. U.S. Trustee*, 540 U.S. 526, 534 (2004) ("[W]hen the statute's language is plain, the sole function of the courts—at least where the disposition required by the text is not absurd—is to enforce it according to its terms.").

5

Nor is there any merit to the argument that the amendments apply only to first-time claims. With respect to applications filed after January, 1, 2005, we have already rejected the assertion that the ACA amendments apply to some claims but not others. In *U.S. Steel Mining*, which the parties refer to as "*Starks*," this court considered a widow's claim for survivor's benefits. *See generally* 719 F.3d 1275. The petitioner argued that the amendment "refers to miners' claims, not surviving spouses' claims." *Id*. at 1279. In rejecting the argument, we explained:

> The text of § 1556(c) refutes U.S. Steel's argument. Section 1556(c) applies the "amendments made by this section . . . to claims filed under [the benefits provisions] . . . after January 1, 2005, that are pending on or after" March 23, 2010. The "amendments made by this section" are the amendment to § 932(*l*) and an amendment to § 921(c)(4), a provision that creates an evidentiary presumption that applies in both miners' claims and survivors' claims. Section 1556(c) does not distinguish between miners' claims and survivors' claims. *The plain meaning of § 1556(c) is that anyone—miner or survivor—who filed a claim for benefits after January 1, 2005, that remained pending on March 23, 2010,*[1] *can receive the benefit of the amendments.*

*Id*. at 1285 (statutory alteration in original) (emphasis added). By the same token, the fact that the statute does not distinguish between first-time claims and subsequent claims suggests that a claimant like Davis can reapply and benefit from the ACA amendments. *See Marmon Coal Co. v. Dir., OWCP*, 726 F.3d 387, 392 (3d Cir. 2013). Petitioner also relies on Senator Byrd's post-enactment comments,

---

[1] The statute reads "on or after" March 23, 2010. *See* § 1556(c), 124 Stat. at 260.

6

but we have already held that they do "not constitute legitimate legislative history." *U.S. Steel Mining*, 719 F.3d at 1283 n.9.

Petitioner nevertheless contends that we cannot recognize the survivor's application as a "claim" under ACA § 1556(c) because § 932(*l*) clearly indicates that eligible survivors shall not "be required to file new claims" when they request derivative benefits. To paraphrase the argument, Petitioner poses the question: *How can a widow's application be a claim for the purposes of establishing a filing date when the express language of the statute indicates that the widow is not "required to file a new claim"?* The *Starks* court was also faced with this question, and rejected the argument in this manner:

> That argument fails. Section 1556(c) applies the amended § 932(*l*) to all claims filed between January 1, 2005, and March 23, 2010. During that period, both miners and survivors were required to file claims to receive benefits. Section 1556(c) therefore applies the amended § 932(*l*) to survivors' claims as well as miners' claims. Just because the application of the amended § 932(*l*) to a claim operates to eliminate the need for that claim does not render its application illogical or unworkable.

719 F.3d at 1285. In other words, at the time Mrs. Starks filed her application for derivative benefits—in April of 2006—the ACA had not yet been enacted and thus the statutory scheme still required survivors to file "claims." But because her claim was filed after January 1, 2005, it benefited from the retroactive nature of the ACA amendments, notwithstanding the fact that the same amendments also served to eventually obviate the need for derivative claims like Mrs. Starks's.

7

Returning to the case at hand, Davis's most recent claim was filed on April 28, 2010, such that the *Starks* reasoning is not directly on point. By the time she filed this application, the ACA was already in effect, ostensibly obviating the need for a "claim." Thus, the *Starks* discussion does not fully dispose of Petitioner's argument. Yet neither does *Starks* foreclose Davis's eligibility. *Starks* ultimately concluded that 932(*l*) merely "operates to eliminate *the need for* [a survivor's] claim." *Id.* (emphasis added). We did not suggest that the ACA eliminates the application procedure itself, or that it in any way prevents previously denied claimants from benefiting from the ACA amendments. As a sister circuit observed, "Although amended § 932(*l*) states that a survivor is not required to file a new claim for benefits, the conclusion petitioner draws from this language—that the operative date for determining eligibility cannot be the date the survivor's claim was filed—simply does not follow." *W. Va. CWP Fund v. Stacy*, 671 F.3d 378, 388–89 (4th Cir. 2011).

Petitioner, however, further contends that *Starks* itself forecloses Davis's award. Yet the argument relies on a mischaracterization of our holding in that case. Petitioner argues that "this Court [in *Starks*] rejected any interpretation that concluded that the administrative filing required for survivor's [sic] to receive benefits post-ACA could be considered a 'claim' for purposes of the ACA." In support of this assertion, Petitioner points to our statement that "[i]t is true that

8

some submission of information is required," but "this submission must fall short of a 'claim'—otherwise, § 932(*l*) would have no effect whatsoever." 719 F.3d at 1284. Yet in relying on this language, Petitioner neglects the fact that we expressly declined to rest our decision on this semantic foundation. Indeed, we were "not persuaded by this position, which amounts to nothing more than a proposal to change the nominal designation of the filing required of surviving spouses." *Id*. at 1282. So *Starks* does not stand for the proposition that a survivor's application for benefits is not a "claim" for the purposes of the ACA amendments.

Finally, Petitioner contends that the regulations in effect at the filing of Davis's 2010 claim undermine any statutory interpretation that might otherwise allow for the award at issue here. The argument is without merit. Those regulations require the denial of a subsequent claim filed more than a year after the effective date of the previous denial "unless the claimant demonstrates that one of the applicable conditions of entitlement . . . has changed." 20 C.F.R. § 725.309(d) (2010). "For purposes of this section, the applicable conditions of entitlement shall be limited to those conditions upon which the prior denial was based." *Id*. § (d)(2). Significantly, "[a] subsequent claim filed by a [survivor] shall be denied unless the applicable conditions of entitlement in such claim include at least one condition unrelated to the miner's physical condition at the time of his death." *Id*. § (d)(3).

Petitioner argues that Davis's claim is subject to these rules and therefore must be denied. Yet the regulatory language indicates otherwise. The ACA amendments revised the application requirements, and therefore changed "one of the applicable conditions of entitlement." *Id*. § (d). Moreover, the change involved the causation requirement, which was the very condition "upon which the prior denial was based." *Id*. § (d)(2). Therefore, as the Fourth Circuit has explained, Davis "easily satisf[ies] 20 C.F.R. § 725.309(d)(3)'s requirement of showing a change in the conditions of entitlement unrelated to the decedent's physical condition." *Union Carbide Corp. v. Richards*, 721 F.3d 307, 314 (4th Cir. 2013). Because Davis prevails under this regulation, we need not consider any argument that newer administrative guidance provides additional support for her case.[2]

## CONCLUSION

After reviewing Petitioner's arguments and the relevant law, we find nothing that precludes a new benefits claim by a survivor whose previous application was denied under the pre-ACA version of the Black Lung Benefits Act. We therefore hold that a survivor who filed a claim before January 1, 2005, may submit a new claim that must be adjudicated under the post-ACA statutory provisions.

---

[2] In addition, we note that the Petitioner has withdrawn any argument rooted in principles of res judicata. Although such an argument was presented to the district court, Petitioner has now expressly abandoned that reasoning.

10

Accordingly, the administrative law judge and Benefits Review Board correctly awarded benefits to Viola Davis.  Petition DENIED.