[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-11800
Non-Argument Calendar
_____

Agency No. 12-0362 BLA

DRUMMOND COMPANY, INC.,

Petitioner,

versus

DIRECTOR, OWCP,
DIRECTOR, US DEPARTMENT OF LABOR,
OLLIE P. GARDNER,
Widow of Melvin Gardner, Sr.,

Respondents.

_____

Petition for Review of a Decision of the
Department of Labor
_____

(October 3, 2014)

Before WILSON, WILLIAM PRYOR and ROSENBAUM, Circuit Judges.

PER CURIAM:

We address in this appeal whether res judicata bars an eligible dependent from pursuing automatic derivative benefits in a second claim for survivors' benefits under the Black Lung Benefits Act, 30 U.S.C. § 932(l), as amended by the Patient Protection and Affordable Care Act, Pub. L. No. 111-148, § 1556, 124 Stat. 119, 260 (2010), after failing to prevail on a first claim for benefits under a provision that conditioned the dependent's eligibility for benefits on her ability to prove that pneumoconiosis was a cause of the deceased miner's death. Drummond Company, Inc., petitions for review of a decision of the Benefits Review Board that affirmed an award of survivors' benefits to Ollie P. Gardner after she filed a subsequent claim for automatic derivative benefits under section 1556. We deny the petition.

## I. BACKGROUND

In 1992, Melvin Gardner applied for benefits under the Black Lung Benefits Act based on his work as a coal miner between 1956 and 1983. In 1995, an administrative law judge found that Melvin was totally disabled due to pneumoconiosis and awarded him benefits. Drummond did not appeal.

Melvin died in April 2001, and his widow, Ollie Gardner, filed a claim for survivors' benefits under the Act. Under the version of the Act then in effect, Ollie could receive benefits only if she proved that her husband's death was due at least in part to pneumoconiosis. *See* 30 U.S.C. § 932(l) (1981); 20 C.F.R.

2

§ 718.205(c)(2) (1984). In 2003, an administrative law judge decided that Gardner was a surviving dependent, 20 C.F.R. § 720.201(a)(2), but she was ineligible for benefits because she failed to prove that pneumoconiosis was a cause of her husband's death, *id.* § 718.205(c)(2). Gardner did not appeal.

In March 2010, Congress reinstated a former provision of the Act, 30 U.S.C. § 932(l) (1978), that awarded derivative benefits automatically to deceased miners' dependents. Pub. L. No. 111-148, § 1556(b), 124 Stat. at 260. Until 1982, the dependents of a deceased miner were entitled to automatic derivative benefits if the miner "was determined to be eligible to receive benefits under this title at the time of his or her death," 30 U.S.C. § 932(l) (1978); Pub. L. No. 95-239, § 7(h), 92 Stat. 95, 100 (1978). Section 932(l) eliminated any duty imposed on "eligible survivors of a miner . . . to file a new claim for benefits, or refile or otherwise revalidate the claim of such miner." *Id.* When Gardner filed her first claim, Congress conditioned a dependent's eligibility for benefits on an ability to prove that the deceased minor's death was due to pneumoconiosis, *id.* § 932(l) (1981), but section 1556 eliminated that condition. Under that provision, the restored right to automatic benefits, *id.* § 932(l) (2012), applies to "claims filed . . . after January 1, 2005, that are pending on or after [March 23, 2010]," Pub. L. No. 111-148, § 1556(c), 124 Stat. at 260.

3

In May 2010, Gardner filed a second claim for survivors' benefits, and the Director of the Office of Workers' Compensation Programs in the Department of Labor issued a proposed decision that awarded benefits to Gardner. The Department determined that Gardner's claim for benefits was governed by section 1556. The Department ruled that Gardner was entitled to benefits, under amended section 932(l), because she was a surviving dependent of a miner who had received benefits under the Act.

Drummond objected to the decision on three grounds. First, Drummond argued that Gardner's second claim was a "subsequent claim" because it was filed "more than one year after the effective date of a final order denying [her 2001] claim," and it was barred because "the applicable conditions of entitlement in such claim . . . [was] []related to [her husband's] physical condition at the time of his death." 20 C.F.R. § 725.309(d) (effective until October 24, 2013). In other words, Gardner's subsequent claim was barred because her 2001 claim was denied on the ground that her husband's death was not due to pneumoconiosis, and his physical condition could not change. Second, Drummond argued that restored section 932(l) did not apply to Gardner for three reasons: (1) the provision applied to the claim filed by Gardner's husband in 1992, not to Gardner's subsequent claim; (2) Gardner's subsequent claim was not pending on or after March 23, 2010; and (3) Gardner's 2001 claim was adjudicated before the coverage period in section 1556.

4

Third, Drummond argued that Gardner's subsequent claim was barred by res judicata.

The administrative law judge awarded survivors' benefits to Gardner. The administrative law judge ruled that Gardner's claim was a "subsequent claim," by which she could pursue benefits because "the applicable condition[] of entitlement . . . [— the restoration of automatic derivative benefits under section 1556 — was] unrelated to [her husband's] physical condition at the time of his death." *Id.* And Gardner was entitled to benefits, the administrative law judge determined, because she was an "unremarried widow of a miner who had been awarded compensation benefits under the Act during his lifetime, and . . . she filed her current claim in May 2010," within the covered period.

Drummond appealed, and challenged the decision of the administrative law judge on three grounds.  First, Drummond argued that Gardner's claim was a "subsequent claim" that was barred by res judicata and by section 725.309(d) of the regulations. Second, Drummond argued that the "claim" mentioned in restored section 932(l) referred to a miner's claim and could not apply to Gardner's subsequent claim because survivors are not required to file a claim. *See* 30 U.S.C. § 932(l) (2012); Pub. L. No. 111-148, § 1556(c), 124 Stat. at 260. Third, Drummond argued that, even if Gardner could proceed under restored section 932(l), she had to prove that her husband's death was due to pneumoconiosis.

5

The Benefits Review Board affirmed the decision to award benefits to Gardner. The Board ruled that Gardner's subsequent claim was not barred by res judicata because her entitlement to benefits was not "tied to relitigation of the prior finding that [her husband's] death was not due to pneumoconiosis." The Board also ruled that Gardner did not have to prove the cause of her husband's death because section 1556 eliminated the causation requirement contained in the 1981 version of section 932(l). And the Board determined that Gardner qualified for automatic benefits under section 932(l) based on the undisputed finding of the administrative law judge that Gardner was an eligible dependent of a deceased miner who was receiving benefits under the Act when he died and that her claim was pending after March 23, 2010.

## II. STANDARDS OF REVIEW

"We review *de novo* questions of statutory interpretation." *U.S. Steel Mining Co., LLC v. Director, OWCP*, 719 F.3d 1275, 1280 (11th Cir. 2013). The application of res judicata is also a question of law that we review *de novo*. *Vasquez v. YII Shipping Co., Ltd.*, 692 F.3d 1192, 1196 n.3 (11th Cir. 2012).

## III. DISCUSSION

Drummond challenges the decision of the Board on three grounds.  First, Drummond argues that Gardner's claim for benefits is barred by res judicata and the principles of finality embodied in section 725.309(d) of the Code of Federal

6

Regulations. Second, Drummond argues that restored section 932(l) applies to miners' claims and not to a subsequent claim of a surviving spouse that was not pending on March 23, 2010. Third, Drummond argues that, even if restored section 932(l) applies to survivors' subsequent claims, Gardner still must prove that her husband's death was due to pneumoconiosis. All of these arguments fail.

Res judicata does not bar Gardner's subsequent claim for benefits. "Under res judicata, also known as claim preclusion, a final judgment on the merits bars the parties to a prior action from re-litigating a cause of action that was or could have been raised in that action." *In re Piper Aircraft Corp.*, 244 F.3d 1289, 1296 (11th Cir. 2001). To determine whether res judicata bars Gardner's subsequent claim, we must compare it to the "substance of [her first claim], not [its] form." *See id.* at 1297. Gardner's two causes of action are the "same" only if her subsequent claim "arises out of the same nucleus of operative fact, or is based upon the same factual predicate, as [her] former [claim for benefits]" *Id.* (quoting *Ragsdale v. Rubbermaid, Inc.*, 193 F.3d 1235, 1239 (11th Cir. 1999). Gardner's first claim turned on whether she could prove that her husband died due to pneumoconiosis, but her subsequent claim concerns only whether her husband was eligible to receive benefits when he died. Because Gardner's claims are based on entirely different methods of recovering survivors' benefits, her subsequent claim is not barred by res judicata. Our analysis is unaffected by *Pittston Coal Group v.*

7

*Sebben*, 488 U.S. 105, 109 S. Ct. 414 (1988), where the Supreme Court held that res judicata applies to some claims for benefits. *Id.* at 121–23, 109 S. Ct. at 424–25. Unlike the claimants in *Pittston*, Gardner is not seeking to "re-open" or to disturb a decision to deny an earlier claim for benefits. Gardner seeks benefits on a basis of entitlement that was previously unavailable to her.

Our conclusion is consistent with the principles of finality embodied in section 725.309(d). Section 725.309(d) bars a subsequent claim for benefits "unless the applicable condition[] of entitlement . . . includes at least one condition unrelated to the miner's physical condition at the time of his death." 20 C.F.R. § 725.309(d). Gardner's subsequent claim is unrelated to the health of her deceased husband. *See Jim Walter Resources, Inc. v. Dir., Office of Workers' Comp. Programs*, No. 13-13185, 2014 WL 4476171, at \*9–10 (11th Cir. Sept. 12, 2014). Her subsequent claim is based on the restoration of automatic benefits, under section 1556, to beneficiaries whose spouses were found "to be eligible to receive benefits under this title at the time of . . . [their] death," 30 U.S.C. § 932(l) (1978); Pub. L. No. 95-239, § 7(h), 92 Stat. 95, 100 (1978).

The additional arguments made by Drummond are foreclosed by our precedents. We held in *U.S. Steel Mining* that "[t]he plain meaning of § 1556(c) is that anyone—miner or survivor—who filed a claim for benefits . . . can receive the benefit of the amendments." 719 F.3d at 1285. And in that opinion, we squarely

8

rejected the argument that a dependent seeking derivative benefits under restored section 932(l) is required to prove that the deceased miner died due to pneumoconiosis. *Id.* at 1280–84. A dependent is obliged to prove a cause of death only if she cannot establish that she is an "eligible survivor" and that the deceased miner was receiving benefits when he died. *Id.* at 1284. We also have concluded that section 1556 applies to a subsequent claim that is filed after the effective date of the enactment. *Jim Walter Resources*, 2014 WL 4476171, at *5–8. Section 1556 and restored section 932(l) do not "distinguish between first-time claims and subsequent claims," *id.* at *6, and encompass claims that are pending after March 23, 2010, as a result of being filed after that date, *id.* at *5. That does not render meaningless the time limitations in section 1556. Those deadlines mean that a claimant whose initial claim was denied before January 2005 must file a subsequent claim and that the Department of Labor is obliged to award automatic derivative benefits only for a claim filed during or after 2005.

The Board did not err in affirming an award of derivative benefits to Gardner. Gardner complied with section 1556 by filing a subsequent claim after January 1, 2005, that was pending after March 23, 2010, and it is undisputed that she is an eligible dependent widow of a deceased miner who received benefits during his lifetime. And neither res judicata nor section 725.309(d) of the governing regulations bars her subsequent claim based on a new cause of action

9

that was created by the restoration of automatic derivative benefits under section 1556.

## CONCLUSION

We **DENY** the petition of Drummond to review the award of derivative benefits to Gardner.